### GREGORY *v.* VALENTINE.

---

A defendant in a bill filed by a judgment-creditor cannot be compelled to discover property to a later date than the filing of the bill. If a discovery to a later date is required, a supplemental bill should be filed.

---

*July* 5,
1843.

*Pleading.
Debtor and
Creditor.
Answer.
Exception.*

JUDGMENT creditor's suit; and exceptions to the answer: 1st, on the ground that the bill required the defendant to answer as to property up to the time of filing his answer; and, 2nd, that he had not sufficiently set forth the value and particulars of his wearing apparel.

Mr. *Garr*, for the complainant.

Mr. *Alexander Wells*, for the defendant.

*Oct.* 16.     THE VICE-CHANCELLOR :—The master has fallen into an error in supposing that the defendant was bound to answer whether he had property at the time of putting in his answer, although his answer contains a full denial of any property at the time of the filing of the bill. Taking that denial as true or not disproved, the complainant can have no decree against the defendant upon the present bill, although it may turn out that the defendant was possessed of or entitled to subsequently acquired property. It is immaterial to the present bill whether such is the fact or not. If the complainant has reason to believe there is after-acquired proper-

ty he must resort to a supplemental bill in order to discover and have it applied.

Nor is the present bill to be considered as calling for a disclosure of property at the time of putting in the answer, except it should be of such property as he also had at the time of the filing of the bill and on which the complainant had thereby acquired a lien. When such property is disclosed, it is proper the defendant should be required to say whether it is still in his possession or how otherwise at the time of answering, in order that it may be delivered over or traced and be taken possession of or recovered by a receiver. This, I consider to be the legitimate purpose of the call in the bill for a discovery of property " as well at the time of filing the bill as until and at the time of filing his answer thereto," showing that a *continuando* is meant ; and that he may answer " with express reference as well to the one time as the other" does not vary or enlarge the meaning. For these reasons, I am of opinion that all these exceptions, namely, the first, second, third, fifth and sixth exceptions, should have been disallowed. There is nothing to show that the service of the subpœna was on a day different from the day of filing the bill and that point taken in the fifth and sixth exceptions and in the argument is, therefore, of no avail.

The fourth exception turns upon a different point, namely, that the defendant has not disclosed the particulars nor the value of his wearing apparel. I have, heretofore, repeatedly decided that the defendant is bound to do this, under a call to set forth (as in this bill) the nature, amount and value of all his property ; and that he cannot, as in this instance, excuse himself by determining for himself that it is his necessary wearing apparel : *Brown* v. *Montgomery*, 3 Edwards's C. R. 278. This exception was properly allowed.

Order, &c.