CASE 19—PETITION EQUITY—SEPT. 25.

# Davidson, &c. v. Simmons.

## APPEAL FROM WARREN CIRCUIT COURT.

1. THE ONLY ACTION THAT CAN BE MAINTAINED ON A JUDGMENT OF A COURT OF THIS STATE is the equitable action to enforce its satisfaction provided in section 474 of the Civil Code.
2. FIFTEEN YEARS FROM THE ISSUING OF THE LAST EXECUTION ON A JUDGMENT will not bar an action thereon if the defendant therein obstructs the prosecution of the action by departing from the state.
3. *The act of May* 31, 1865, does not provide that a judgment shall be

barred by the lapse of fifteen years without an execution having issued thereon. It only provides that no execution shall issue, and leaves any right of action the plaintiff may have upon the judgment to be governed by the same rules applicable to other causes of action.

4. ORDER OF SALE OF REALTY WITHOUT FIRST SUBJECTING PERSONALTY IS ERRONEOUS.—In a suit attaching a distributable interest in an estate of realty and personalty, a judgment ordering the sale of the attached realty, without subjecting the personal assets, or ascertaining that there was none, is erroneous. (Civil Code, sec. 250.)

5. SUITS SHOULD BE CONSOLIDATED.—A judgment ordering a sale of property subject to an attachment in another suit for a sum not ascertained, is error. The suits should have been consolidated and heard together, and but one sale ordered.

J. P. BATES, ⎫
A. DUVALL, ⎭ . . . . . . . . . . For Appellant,

CITED

Revised Statutes, 2 Stanton, 126, 135.
Myers's Supp. 295.　　　Civil Code, sec. 474.
2 Bush, 231, Lockhart v. Yeiser.
3 Bush, 223, Clark v. Kellar.
3 Met. 255, Hedger v. Rennaker.

C. M. McELROY, . . . . . . . . . . For Appellee,

CITED.

Revised Statutes, chap. 63, art. 3, sec. 1, art. 4, sec. 9.
Myers's Supplement, p. 295.
7 Mon. 450, Herndon v. Bartlett.
8 Bush, 590, Poston v. Smith.
16 B. Mon. 415, Ridgely v. Price.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Simmons recovered a judgment against Davidson in the Warren Circuit Court in August, 1848, and September 20th, 1848, an execution issued thereon directed to the sheriff of Warren County, where Davidson then resided, and was returned in November of that year indorsed in substance "no property found." In May, 1849, Davidson removed from this state, and has continued absent therefrom ever since.

July 26th, 1873, Simmons brought this suit in equity in

the Warren Circuit Court, under section 474 of the Civil Code, to enforce satisfaction of the judgment, and sued out an attachment and levied it upon the interest of Davidson in the estate of his father, who had recently died in that county.

No execution except the one already referred to having issued on the judgment, and more than fifteen years having elapsed after the date of that execution before the institution of this suit, Davidson pleaded the statute of limitations in bar of the action, and judgment having been rendered subjecting his property to sale to satisfy the former judgment, he prosecuted this appeal.

The first and most important question is whether the statute presents an available defense.

At the time the judgment of 1848 was rendered there was no statute of limitations in this state applying to actions upon judgments of the courts of Kentucky. Section 1 of article 3, chapter 63 of the Revised Statutes, which went into effect in 1852, fixed fifteen years as the period of limitations to actions on the judgments or decrees of the courts of the United States or of any state or territory thereof, the period to be computed from the date of the last execution thereon.

But section 1 of article 1 of the same chapter excepted out of the operations of that chapter all cases in which the cause of action had already accrued.

The 1st section of an act entitled "An act to amend chapter 63 of the Revised Statutes," approved May 31st, 1865, and which went into effect May 31st, 1866, provided that chapter 63 should extend to and embrace all cases, whether the right of action accrued before or after the Revised Statutes went into effect; and the 2d section of that act provided that section 1, article 3, chapter 63 of those statutes should be so construed as to embrace actions or suits upon judgments or decrees of any of the courts of this state, and prohibited the issuing of any execution on such judgments or decrees after the lapse

of fifteen years ·from the date of the last execution thereon. (Myers's Supplement, 295.)

This act being an amendment to chapter 63 and to section 1, article 3, of that chapter, became a part and parcel of the chapter and section to which it was an amendment, and the original chapter is now to be construed as if it contained the modifications contained in the amending act.

· Section 9, article 4, of the same chapter provided that when a cause of action mentioned in the 3d article of that chapter. accrued against a resident of this state, and he, by departing. therefrom, or by absconding or concealing himself, or by any other indirect means, obstructed the prosecution of the action, the time of the continuance of such absence from the state or, obstruction should not be computed as any part of the period within which the action might be brought.

After the act of May, 1865, went into effect an action upon a judgment of any of the courts of this state was placed upon the same footing as to limitation as other causes of action mentioned in article 3 of chapter 63, and came within the savings of section 9, article 4.

Section 6 of the act of 1821 (1 M. & B. 302), and which was substantially the same as section 474 of the Code, was in force when the execution on the judgment against Davidson was returned, and gave Simmons a right of action against him to subject to the satisfaction of that judgment any chose in action or legal or equitable estate belonging to him.

This was a right of action accruing on the judgment, and was the only kind of action that could then or can now be maintained upon a judgment of a court of this state. And as that right of action accrued against Davidson while, he was a. resident of this state, and he, by departing therefrom, obstructed the prosecution of the action, the case falls within the provisions of section 9, *supra,* and is thereby saved from the operation of sec. 1 of art. 3 as amended by the act of 1865.

It is contended, however, that as the second section of the latter act absolutely prohibits the issuing of an execution upon a judgment after fifteen years from the date of the last execution, the judgment against Davidson was barred long before this suit was commenced, and that as the judgment was barred no action can be maintained to enforce it. That statute did not provide that a judgment should be barred by the lapse of fifteen years without an execution having issued thereon. It only provided that no execution should issue, and left any right of action the plaintiff may have had upon the judgment to be governed by the same rules applicable to other causes of action; and Simmons having had a cause of action on the judgment, the prosecution of which was obstructed by the departure of Davidson from the state, we are of the opinion that the statute is unavailing.

A judgment is the highest evidence of indebtedness known to the law, and it would be a legal anomaly if it should be held to be barred by lapse of time that would not bar an action on a promissory note or even upon an open account.

2. Simmons sought to attach Davidson's distributable share of the personal estate, and also his interest in the real estate of his father; but without subjecting the personal assets or ascertaining that there were none, the court rendered a judgment to sell the real estate. This was error. (Section 250, Civil Code.)

The judgment directs the real estate to be sold subject to an attachment in favor of Howell. This was error also. The action of Howell should have been consolidated or heard with this, and the amount for which the land was liable under his attachment should have been ascertained and a judgment rendered to sell to satisfy both, and but one sale should have been ordered.

To sell subject to an attachment the amount of which has not been ascertained, and which did not even appear to have

been sustained, and which may never be sustained, was calculated to prejudice the rights of Davidson; for no prudent man would be likely to bid for land subject to a lien for an unknown amount.

For the errors indicated the judgment is *reversed,* and the cause is remanded for further proceedings not inconsistent with this opinion.