CASE 71—PETITION EQUITY—JANUARY 31.

# Craig's Ex'or v. Anderson, &c.

96 425
e110 490

APPEAL FROM LINCOLN CIRCUIT COURT.

1. THE STATUTE OF LIMITATIONS applicable to actions to obtain relief from fraud or mistake, does not apply to an action by a creditor to subject land belonging to the wife of the debtor to the extent the debtor's money has been expended in erecting improvements thereon. The husband, by putting the improvements upon the land, acquired such an interest therein as might be subjected to the payment of his debts, and so long as he had not been divested of that interest it was liable to the debt sued on.

2. SAME.—The defendants having removed from the State soon after the accrual of the cause of action, and been continually absent therefrom up to the time of the filing of the suit, the time of their absence is not to be computed as a part of the period of limitation, although plaintiff might at any time have proceeded by attachment and constructive service against the land now sought to be subjected.

W. H. MILLER AND H. HELM FOR APPELLANT.

1. The improvements, as they now stand, represent W. H. Anderson's money which he should have used to pay appellant's debts, and which he had no right, being insolvent, to use to enhance the value of his wife's land. (5 Ky. Law Rep., 690; 9 Ky. Law Rep., 1013; 10 Ky. Law Rep., 55; Heck v. Fisher, 78 Ky., 643.)

2. The departure of appellees, Anderson and wife, from this State obstructed the prosecution of this action, which suspended the running of the statute of limitation applicable thereto. The fact that appellant might have used a provisional remedy under constructive service of process is not sufficient to make the statute a bar. (Selden v. Preston, 11 Bush, 191; Morgan v. Morgan, 14 Ky. Law Rep., 623.)

3. The limitation prescribed by section 2 of art. 3, chap. 71, Gen. Stats., does not apply    The purpose of this action is the recovery of money, and the assailing of the wife's interest on account of fraud is a mere incident of it.

4. Appellees failed to plead that five years had elapsed since the discovery of the fraud alleged by plaintiff, and this omission is fatal to their plea. (Hieronymous v. Mayhall, 1 Bush, 508.)

5. Mrs. Anderson acted precisely as did her husband in obstructing this action. Therefore sec. 9 of art. 4, chap. 71, Gen. Stats., applies equally as well to her as to W. H. Anderson.

HILL & McROBERTS for appellee.

1. Actions for relief for fraud or mistake, such as this action, must be brought within five years after the discovery of the fraud or mistake, and can, in no event, be brought after the lapse of ten years from the perpetration of the fraud. (Gen. Statutes, chap. 71, art. 3, secs. 5 and 6; Brown v. Connell, 11 Ky. Law Rep., 428.)

2. The removal of appellee from the State did not obstruct appellants' action, as she was a married woman, and any judgment against her would have been void. Absence from the State constitutes no obstruction where the cause of action is *in rem*, as is the case here. (Spencer v. Parsons, 11 Ky. Law Rep., 771; Tabor v. Harris, 9 Ky. Law Rep., 493; Gen. Statutes, chap. 71, art. 4, sec. 9.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was brought in the Lincoln Circuit Court June 23, 1893, by H. Helm, executor of R. G. Craig, against Wm. H. Anderson and Julia L. Anderson, his wife, and others, seeking to obtain judgment on a note executed to said Craig by Wm. H. Anderson and others, for one thousand five hundred and ninety-seven dollars and fifty cents, dated September 10th, 1879, due in twelve months; also seeking to subject the interest of Wm. H. Anderson in a lot of land conveyed to his wife by ——— Little, on the ground that the husband had erected and placed on the land valuable improvements.

It appears that the appellees, Wm. H. and Julia L. Anderson, are residents of the State of Kansas, and have resided there since 1880. It is admitted that the land conveyed to appellee was worth, at most, only a few hundred dollars, perhaps one hundred and fifty dollars, and that prior to the removal of appellees to Kansas, and after the execution of said note, that the husband, Wm. H. Anderson, of his own money and means, erected, or caused to be erected and built upon

said parcel of land, a brick dwelling-house and other buildings, and valuable improvements of the value of two thousand eight hundred dollars.

It appears that appellees were proceeded against as non-residents and attachment issued and levied on the land. The appellee, Julia L. Anderson, appeared and demurred to plaintiff's petition, which demurrer was overruled. She then answered and also filed an amended answer pleading the statute of limitations as a bar to plaintiff's suit. Plaintiff demurred to the answer and amended answer, which demurrer was overruled; thereupon, appellant replied, pleading the absence and removal of appellees from the State ever since 1880 or '81, and to this reply appellee, Julia L. Anderson, demurred, which demurrer was sustained, and plaintiff failing to plead further, the court dismissed his petition and rendered judgment against him for cost, and from this judgment plaintiff has appealed to this court.

Appellees insist that the claim is barred by the statute of limitations, and rely on the statute of limitations in regard to frauds or mistakes, and claim that, inasmuch as there was no personal liability on the part of the wife for the debt, her removal and that of her husband from this State, did not obstruct the prosecution of this suit nor have the effect of suspending the statute of limitations, insisting that plaintiff could at any time have proceeded against the property. The appellant claims the removal from and continued absence from the State of the appellees suspended the statute; hence he claims his cause of action is not barred.

We are of the opinion that the statute in reference to obtaining relief from fraud or mistake does not apply to this action. Appellee Wm. H. Anderson, by putting the improvements upon the land, acquired such an interest in the same as might be subjected to the payment of the note sued on, and so long as he had not been divested of that interest, it was liable for the debt sued on, and the statute of limitations would not and did not run in his favor from the time he removed to Kansas. But be this as it may, it seems to us that the removal of appellees to Kansas and their continued residence there from 1880 to the bringing of this suit, suspended any statute of limitation as to this suit, and that the statute constitutes no bar to plaintiff's right to recover. It is true that plaintiff or his testator might have proceeded by attachment and constructive service against the land at any time after 1880, but that fact does not defeat their right to do so now.

Article 3, chapter 71, of the General Statutes, embraces the statute of limitation applicable to this suit, and actions of the kind or class in question. Sec. 9 of art. 4, chap. 71, provides that, when a cause of action mentioned in article 3 of this chapter accrues against a resident of this State, and he, by departing therefrom, or by absconding or concealing himself, or by any other indirect means obstructs the prosecution of the action, the time of the continuance of such absence from the State or obstruction shall not be computed as any part of the period within which the action may be commenced. It is evident that the removal and absence of appellees from this State was to some

extent an obstruction to the prosecution of this suit. No personal judgment could be obtained on the note. Nothing could be taken for confessed against either appellee. The appellant could not proceed at all against appellees except by obtaining attachment and constructive service, and to do this he must give bond and security, and then, before he could obtain a judgment *in rem*, another bond and security must be given, with opportunity to defendants, for five years, to appear and show cause against the proceedings, and perhaps involve plaintiff and his surety in cost and trouble.

It may be that the precise question raised in this cause has not been passed on by this court, but we think the language of the statute settles the question. The case of Selden v. Preston, 11 Bush, 191, in effect decides the principle involved in this case. That was an action in which Preston relied on the statute of limitations as a bar to Selden's suit. Selden replied that Preston was in Virginia, inside the lines and territory of the Southern Confederacy, for years, and that while he was there the statute did not run in his favor. Preston responded that during that time he owned land in Kentucky, which Selden could have proceeded against by attachment, and thus have made his debt, but this court held that that fact did not prevent the suspension of the statute as to Selden's cause of action. The court, in deciding the case, uses this language: "The creditor was not required to pursue this imperfect remedy in order to avail himself of the exceptions expressed in the statute of limitations."

We are satisfied that the statute of limitations constitutes no bar to a recovery in this action. The judgment of the court below is reversed, and cause remanded with directions to sustain plaintiff's demurrer to the answer of appellee, and to overrule appellee's demurrer to the reply of plaintiff and for further proceedings consistent with this opinion.