SHELDEN v. BARLOW.

108  375
f123  263
108  375
124  70
108  375
144  1234

1. MORTGAGE—FORECLOSURE—EXECUTION FOR DEFICIENCY—STATUTE OF LIMITATIONS.

2 How. Stat. § 8721, which excepts from the period limited for the commencement of personal actions the time during which the debtor shall, after the cause of action has accrued, be absent from and reside out of the State, is applicable to the 10-year limitation imposed upon the right of the complainant in a foreclosure case to take out an execution for a deficiency arising upon a sale of the mortgaged premises.

2. SAME—SUBSTITUTED SERVICE—LACHES.

The proceeding for execution being essentially a new one, substituted service of the application upon the person liable for such deficiency cannot be given extraterritorial effect, and a neglect to resort to that method of service during the period of his absence from the State does not constitute such laches as will bar a proceeding taken on personal service.

3. SAME—INTEREST—DECREE.

    A mortgage note, payable 10 years after date, bore interest at the rate of 7 per cent. for the first two years, after which it was to bear 10 per cent. interest. Before the two years had expired, the payee elected, under the interest clause in the mortgage, to treat the entire amount of the note as due. *Held,* that a foreclosure decree, entered upon the day following the expiration of the two-year period, should bear interest at the rate of 7 per cent.

Appeal from Clinton; Daboll, J. Submitted January 8, 1896. Decided February 26, 1896.

Bill by Allan Shelden against Edwin Barlow and another to foreclose a mortgage. Defendant Barlow appeals from an order awarding an execution for a deficiency. Modified and affirmed.

*Spaulding & Cranson,* for complainant.

*Walter Barlow,* for appellant.

MONTGOMERY, J. Defendant Barlow appeals from an order of the circuit court for Clinton county, in chancery, awarding an execution for a deficiency reported after sale in a foreclosure case. The decree for foreclosure was entered November 19, 1877, authorizing a sale on or after May 1, 1878. Sale was made on June 15, 1878, and on the same day a deficiency was reported by the commissioner. The present proceeding was instituted on the 14th of August, 1895.

Defendant contends that complainant had lost his right to proceed by laches. It appears, from the record, that from October 24, 1885, until July 30, 1895, defendant Barlow was a resident of the State of Kansas, and was absent from this State. In *Wallace* v. *Field,* 56 Mich. 3, it was held that the complainant has 10 years from the date of decree to make his claim by execution. While the reason for this holding was not given, it is evident that the limitation was adopted in analogy to that fixed by the statute of limitations. 2 How. Stat. § 8736. And

we see no reason why the saving clause of section 8721, that "the time of the absence of the debtor from the State shall not be taken as any part of the time limited for the commencement of the action," should not apply. It is suggested that a substituted service might have been ordered, on the authority of *Ransom* v. *Sutherland,* 46 Mich. 489. But, as the proceeding to compel payment of a deficiency is essentially a new proceeding (*Johnson* v. *Shepard,* 35 Mich. 122), such substituted service could not be given extraterritorial effect; and we think it should not be held that the neglect to resort to such uncertain and incomplete remedy constitutes such laches as bar a proceeding taken on a personal service.

A question is raised as to whether this decree for deficiency should bear interest at 7 per cent. or 10 per cent. The note read as follows:

"$4,500.    DETROIT, November 18, 1875.

"Ten years after date, we jointly and severally promise to pay to Allan Shelden, or bearer, the sum of forty-five hundred dollars, at his office in Detroit, with semi-annual interest at the rate of seven per cent. per annum for the first two years from date hereof, and after two years from date hereof interest at the rate of ten per cent. per annum, payable semi-annually.

"T. M. CODY.
"EDWIN BARLOW."

Before the two years had expired, complainant had elected to treat the entire amount of the note as due, under a clause in the mortgage giving him the right to do so in case of default in payment of interest. The note was a 7 per cent. note when the decree was entered, and never became a 10 per cent. note. We think the decree should bear interest at the rate of 7 per cent. It does not appear that this point was specifically made in the court below.

The order will be modified by fixing the rate at which interest is to be computed at 7 per cent., and, as modified, will be affirmed, without costs to either party in this court.

The other Justices concurred.