### NEWLOVE v. PENNOCK.

1. LIMITATION OF ACTIONS—JUDGMENTS—ABSENCE OF DEBTOR.

   3 Comp. Laws 1897, § 9736, which excepts from the period
   limited for the commencement of personal actions the time
   during which the debtor shall, after the cause of action has
   accrued, be absent from and reside out of the State, applies,
   by analogy, to the 10-year limitation imposed upon a judg-
   ment creditor by 3 Comp. Laws 1897, § 9751, with respect to
   proceedings to enforce the judgment.

2. CREDITOR'S BILL—UNSATISFIED EXECUTION — CONCLUSIVENESS
   OF RETURN.

   Where a creditor's bill sets forth a return of execution unsatis-
   fied, entitling the creditor to file the bill, a supplemental bill
   will not be dismissed because it appears therefrom that the
   debtor has since acquired property subject to execution within
   the jurisdiction of the court which rendered the judgment.

3. SAME—AFTER-ACQUIRED PROPERTY—SUPPLEMENTAL BILL.

   A judgment creditor, by supplemental bill, may compel a
   disclosure as to property acquired by the debtor after the
   filing of the original bill.

4. SAME—EQUITY JURISDICTION.

   Equity, having properly acquired jurisdiction of the parties
   and the subject-matter under a creditor's bill, will retain its
   jurisdiction, though it appear that complainant, as to a portion
   of the controversy, has a remedy at law, if it is able to afford
   the parties complete and adequate relief.

Appeal from Wayne; Frazer, J.   Submitted February 2, 1900.   Decided March 6, 1900.

Judgment creditor's bill by Herbert W. Newlove, surviving partner of the firm of Alvin Wood & Co., against Homer Pennock.   From an order overruling a demurrer to the bill, defendant appeals.   Affirmed.

*Keena & Lightner*, for complainant.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for defendant.

MOORE, J.   On June 1, 1886, Alvin Wood & Co. recovered a judgment for $596.38 against defendant and one David Pennock in the circuit court for the county of Wayne.   On the 2d day of November, 1889, execution was issued on this judgment to the sheriff of Wayne county, which was returned unsatisfied on December 4th of that year.   On the 20th of March, 1890, a judgment creditor's bill in the usual form was filed by the plaintiffs against the defendants.   The appearance of both defendants was duly entered by solicitors, but this appearance, so far as related to the defendant Homer Pennock, was, on the 9th of June, 1890, set aside.   Service of process, issued on the filing of the original bill, was never had on the defendant Homer Pennock, who was absent from the State from 1890 until 1898.   Wood died, and an order reviving the suit in favor of the present complainant was entered on the 2d of December, 1891.   The cause lay dormant from then until the 3d day of June, 1898, when what is entitled an "amended bill of complaint" was filed.   This was, in substance, a supplemental bill, and, by leave of court, was afterwards so entitled.   A subpœna and injunction were issued, which were served upon the defendant Homer Pennock on the 6th of June, 1898.   On February 23, 1899, the defendant Homer Pennock filed a demurrer to the amended bill of complaint, so called, from the order overruling which this appeal is taken.

The supplemental bill is based upon the judgment of

June 1, 1886, and the execution returned unsatisfied December 4, 1889. It recites, in substance, the allegations of the original bill. No execution was issued after the one returned December 4, 1889. The supplemental bill alleges:

"That said Homer Pennock, as your orator is informed and believes to be true, has, during the past eight years or thereabouts, accumulated a considerable fortune, to wit, of the value of one hundred thousand dollars or upwards. * * * That during the year 1897, however, said defendant, with William O. Lee and Thomas J. Sweeney, both of Detroit, Michigan, and William Penberthy, of Leadville, Colorado, formed a partnership, as your orator is informed and believes to be true, and began business at Detroit, in said county of Wayne, under the firm name of Lee-Penberthy Manufacturing Company; * * * and that the defendant Homer Pennock has a large interest in said business, of the value of one thousand dollars and upwards, over and above all claims."

It recites his absence from the State. The bill then closes with the usual prayer for a discovery, answer under oath, and a receiver, according to the practice in judgment creditors' cases. A demurrer was interposed to the bill on the following grounds:

"1. That the judgment upon which the bill is based was rendered more than 10 years before the amended bill was filed, and is, therefore, dead.

"2. From the bill it appears that the defendant has property which could be made subject to a writ of execution from the court where the judgment was rendered.

"3. That the property of the defendant was acquired after the filing of the original judgment creditor's bill, and after the execution returned unsatisfied upon which it was founded."

The demurrer was overruled.

It is claimed that under section 9751, 3 Comp. Laws 1897, the statute of limitations runs against all judgments obtained in court unless suit is brought within 10 years, and that the provisions of section 9736, 3 Comp. Laws 1897, which provide, in case the debtor is absent from the

State, the time of his absence shall not be taken as any part of the limitation, do not apply to judgments. We agree with the circuit judge that *Shelden* v. *Barlow*, 108 Mich. 375 (66 N. W. 338 ), construes these statutes against the position of the solicitors for defendant.

As to the other grounds of demurrer, section 436, 1 Comp. Laws 1897, provides under what circumstances the creditor may file a creditor's bill. The original bill shows that all the conditions required by the statute to entitle the complainant to file this bill existed when it was filed. It shows a return of the execution *nulla bona.* Such a return, in an equity suit, is conclusive. *Albany City Bank* v. *Dorr*, Walk. Ch. 317; *William Wright Co.* v. *Wayne Circuit Judge*, 109 Mich. 139 (66 N. W. 954). Very soon after the return of the execution, the bill was filed. It is true the case was not prosecuted, but it appears that service could not be had until in June, 1898, because of the absence from the State of the defendant who appears in this proceeding. It cannot be said the delay was the fault of the complainant. When the bill was filed, the complainant had a right to file it. In *Clark* v. *Davis*, Har. Ch. 227, it is held that, the right to file a creditor's bill having once attached by the return of the execution unsatisfied, the party is not prevented from commencing proceedings in chancery by the issuing of a new execution. *Cuyler* v. *Moreland*, 6 Paige, 273. It is probable the defendant could not be compelled to make discovery of his property at a later date than the filing of the bill. *Gregory* v. *Valentine*, 4 Edw. Ch. 282. But that case recognizes the right to file a supplemental bill, and that, by filing such a bill, a disclosure of property to a later date may be required.

It is urged that upon the face of the supplemental bill it appears that complainant has an adequate remedy at law, and, this being so, he cannot come into a court of chancery for relief. The answer to that suggestion is that the parties are already in a court of chancery. It has jurisdiction of the parties and of the subject-matter.

The bill alleges that the property in this State, owned by Mr. Pennock, is an interest in a partnership. The parties are in court. It has jurisdiction over the subject-matter, and can afford complete and adequate relief to all the parties. Under such circumstances there is no reason why the chancery court should surrender its jurisdiction, and remand the parties to a court at law. *George* v. *Electric Light Co.*, 105 Mich. 1 (62 N. W. 985); *Dunlap* v. *Byers*, 110 Mich. 109 (67 N. W. 1067).

The decree is affirmed, with costs.

The other Justices concurred.