CASE 54—ACTION TO RECOVER LAND—APRIL 12.

# Brittain, &c., v. Lankford.

### APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

JUDGMENT—RIGHT TO EXECUTION—WHEN BARRED BY LAPSE OF TIME—DEDUCTION OF TIME OF DEFENDANT'S ABSENCE FROM STATE.

Held: In determining whether the right to an execution on a judgment is barred by the fifteen years' statute of limitations, the time of defendant's absence from the State, since the last execution was issued, is to be deducted, as is done in determining whether an action to enforce the judgment is barred.

CHIEF JUSTICE PAYNTER DISSENTING.

Brittain, &c., v. Lankford.

HOLT, ALEXANDER & HOLT, FOR APPELLANT.

This is an appeal from a judgment of the Harlan Circuit Court awarding appellee a writ of possession to appellant's land under a sheriff's deed.

In January, 1867, W. T. Hall, Administrator, recovered a judgment against Carr Brittain and B. B. Lankford for $90 and costs in the Harlan Quarterly Court. On September 18, 1871, the judgment was indorsed: "I assign the above judgment to B. B. Langford for value received, he paying the same as surety of Carr Brittain this September 18, 1871. W. T. Hall."

On September 17, 1889, the first execution was issued to enforce the judgment more than twenty-two years after its rendition, and on September 18, 1889, it was returned, no property found. On October 8, 1889, a transcript thereof was filed in the Harlan Court of Common Pleas, and on execution from that court certain property of Brittain's was levied on, sold and sheriff's deed executed to Langford, who attempted several times to obtain from the court a writ of possession, which was denied by the judgment declaring the levy and sale quashed and held for naught.

On November 23, 1895, another execution issued which was levied on appellant's land and said land was sold and sheriff's deed made to appellee on September 27, 1897, more than thirty years after rendition of judgment. On August 19, 1898, notice was served on appellant for motion for writ of possession and upon hearing the writ was awarded, from which judgment Brittain has appealed.

It is agreed that no part of said debt has ever been paid to Lankford (except by the sale of the land as aforesaid), and that Brittain left Harlan county and Kentucky in the fall of 1871, or in January, 1872, and went to the State of Virginia and remained there until 1884 or 1885, and then returned to Kentucky.

We claim as questions of law:

1. That the assignment of the judgment is faulty, and without force and effect, there being no assignment by the plaintiff.

2. The judgment is barred by the statute of limitations, and therefore an execution levy, sale and deed under it is void, and appellee was not entitled to the writ of possession. The assignment is made by W. T. Hall and not by W. T. Hall, administrator.

AUTHORITIES CITED.

. Rev. Stat., ch. 97, sec. 8; Civil Code, sec. 401; 3 A. K. M., 562; Ky. Stat., sec. 2514-2515; Bowman v. Wright, 7 Bush, 375,

630; 1 Bush, 474; 1 Met., 35; 7 Bush, 690; 1 Bibb, 181; 13 B. Mon., 406; Nemix v. Taylor, 91 Ky., 461; Ky. Stats., secs. 2531, 2532, 2537; 91 Ky., 461; 100 Ky., 358; Civil Code, 439.

W. F. HALL, ATTORNEY FOR APPELLANT.　　(W. H. HOLT OF COUNSEL.)

Limitation is purely a statutory provision and when any case comes within a statutory limitation it can only be rescued by a statutory exception, and absence from the State is not a statutory exception to the fifteen years' limitation put upon a domestic judgment rendered in Kentucky. There is not, and never was, any reason why limitation should be checked on a judgment by the departure of the defendant from the State. It does not act on the person any longer than its rendition. By his departure he can not obstruct its collection, and if he has any property in the State it may be seized and sold under the execution regardless of his residence, and to keep his judgment alive the plaintiff is only required to pursue his statutory remedy by causing to be issued and returned, as the law requires his execution on the judgment once every fifteen years. To attempt to create exceptions when there are none would be a dangerous and pernicious rule of construction, in open violation of the maxim that "the courts are to declare the law and not to make it."

Tynan v. Walker, 95 Am. Dec., 152; Demorest v. Wyncoop, 8 Am. Dec., 467; Kent's Com., vol. —, p. 142; Ky. Stats., 2514, 2532, 2535, 2537; Swafford v. Howard, Curator, 20 Ky. Law Rep., 1793; Yewell's Admr. v. Hustonville, &c., 16 Ky. Law Rep., 30; Proctor v. Bell's Admr., 97 Ky. Law Rep., 98; Wakefield v. Brown, 8 Am. St. Rep., 671.

N. B. HAYS, ATTORNEY FOR APPELLEES.

The statute of limitations is the only real question involved in this appeal. It is admitted that Brittain paid $29 on this judgment February 1, 1867, and that appellee paid the balance on September 18, 1871. Under the statutes, the appellee's cause of action and right thereafter for an execution on said judgment against Brittain first arose, and if Brittain had remained in this State Lankford could for fifteen years thereafter have made the same by execution against Brittain.

Rev. Stats., ch. 97, sec. 8; 1 Bush, 474, Joyce v. Joyce; 7 Bush., 375; Bowman v. Wright; 7 Bush., 630, Robinson v. Jennings.

The contention of appellants is that although Brittain left the State soon after September, 1871, and remained away until

1885, the statutes of limitations had, on September 17, 1889, tolled and barred the right of appellee Lankford to have such execution issued. This we contend is not the law ،and that from the time Brittain left the State in 1871 or 1872 until 1885 the statute did not run, and that appellee's right to enforce satisfaction of said judgment was not barred. Rev. Stats., ch. 68, art. 4, secs. 8 and 9; Ky. Stats., 2531 and 2532; 8 Bush, 569, Paston v. Smith; 11 Bush, 330, Davidson v. Simmons; 96 Ky., 435, Craig v. Anderson.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

It appears from this record that appellant Brittain as principal, and appellee, B. B. Lankford, as his surety, became indebted to one W. T. Hall, administrator, in the sum of $90, and at the January term, 1867, of the Harlan quarterly court, said Hall obtained judgment against Brittain and Lankford for said debt, and on the 1st of February, 1867, Brittain paid on said judgment $29, and in September, 1871, Lankford paid the residue of said judgment, and took an assignment from Hall thereon to himself. In September, 1871, or January, 1872, Brittain, then being a resident of Kentucky, left the State, and went to the State of Virginia, where he remained until about 1885 or 1886, and then returned to Kentucky. On September 17, 1889, an execution was issued on said judgment for the benefit of Lankford, and was returned, "No property found." A transcript of the proceedings of the quarterly court was filed in the circuit court clerk's office, and such proceedings were had that an execution was issued from the clerk's office of the circuit court, and levied upon certain land as the property of Brittain, which was sold, and purchased by appellee, who afterwards obtained a sheriff's deed therefor, and thereafter instituted proceedings, as provided by law, to obtain possession of the land so purchased by him. After various motions and orders were

made, a trial was had, and a judgment entered in favor of Lankford for possession of the land in controversy, and from that judgment this appeal is prosecuted.

The chief defense relied on by appellant is the statute of limitations. It is evident that the other defenses set up were insufficient. But it is earnestly, and with some plausibility, urged that appellee's right to enforce the judgment was barred by the statute of limitations. It is evident from the evidence, as well as from the agreed state of facts, that no execution. was issued upon the judgment until more than fifteen years after its rendition and after its payment by Lankford. It is also evident that Brittain removed from the State of Kentucky after the payment by Lankford, and remained a non-resident of Kentucky until at least about 1884 or 1886, so that if his absence from the State is to be deducted from the fifteen-year statute, which as to residents of the State would bar appellee's right to have an execution, then, in that event, the right of Lankford to have execution issued and collect the debt must be unquestioned.

It is, however, insisted for appellant that the statute of limitations applies only to actions, or, in other words, suits, to obtain judgment and force the collection of debts or demands against the defendant, and the reason for the exemptions in the statute of limitations is because the removal of the debtor obstructs the prosecution of the action.

It is argued that the removal of a debtor in no wise obstructed or hindered the appellee in obtaining an execution upon the judgment and collecting the same, if any property could be found subject to levy, and that it therefore follows that the delay of fifteen years in causing an execution to issue is and was an absolute bar to appellee's

right to have the execution issued, and that, being illegally issued, the levy and sale thereunder were absolutely void, and passed no title to the purchaser. It is insisted for appellee that the removal of Brittain suspended the statute of limitations, and that the judgment remained in full force against him, or, in other words, that the period of his absence from the State should not be counted as any part of the fifteen years which would bar the judgment. It is conceded that the precise question involved in this case has never been decided by this court. It therefore follows that this question must be decided with reference to the statutes and such decisions as may shed some light upon the question involved herein.

The case of Davidson v. Simmons, 11 Bush, 330, is cited by appellee. In that case it appears that Simmons recovered a judgment against Davidson in 1848 in Warren county, where Davidson then resided, upon which an execution was issued in the same year, and returned, "No property found." In 1849, Davidson removed from the State, and continued absent therefrom ever since. In 1873, Simmons brought suit in equity to enforce a satisfaction of the judgment and sued out an attachment, and levied it upon the interest of Davidson in the estate of his father, who had recently died in Warren county. Davidson interposed a plea of the statute of limitations, and insisted that, as there had been no execution upon the judgment for more than fifteen years from the date of the last execution before the institution of the suit, the judgment was barred by the statute, and that the suit could not be maintained. This court, however, held that the period of Davidson's absence from the State should be deducted from the fifteen years; or, in other words,

that the statute did not run in defendant's favor during his absence from the State, and therefore Simmons 'was entitled to maintain his action for the enforcement of his judgment. It will thus be seen that, if we sustain the contention of appellant in the case at bar, rather an anomalous state of case will be presented, namely, that a party may enforce the collection of a judgment by suit under a state of facts, but could not enforce its collection by a less expensive and more summary way by having an execution issued. In other words, the period of the absence of the debtor from the State shall suspend the statute of limitations so far as enforcing the collection of a judgment by suit, but does not suspend it as to the collection of the debt by execution. In Selden v. Preston, 11 Bush, 200, it was the contention of appellee that, inasmuch as he had property in Kentucky which Selden might have subjected to the payment of his debt by attachment, his absence from the State did not suspend the running of the statute of limitations in his favor; but this court decided against such contention, and held that the period of Preston's absence should be deducted from the period named in the statute of limitations. In Craig's Ex'r v. Anderson, 96 Ky., 425 (29 S. W., 311), it appears that Craig sought to subject certain real estate conveyed to Anderson's wife by one Little, upon which it was alleged that Anderson of his own means had caused to be erected valuable improvements, the debt being due from the husband. One of the defenses relied on by Mrs. Anderson was the statute of limitations, more than fifteen years having elapsed from the creation of the debt before the institution of plaintiff's action. It, however, appeared that the Andersons removed from this State to Kansas in 1880, and had so remained ever since. It was, however,

contended for Mrs. Anderson that plaintiff had no demand against her, that it was not her debt, and that, the real estate being in this State, the plaintiff could at any time have instituted suit and levied upon the land. Therefore the statute continued to run, notwithstanding her absence from the State. The court below sustained her contention, but this court reversed the judgment, holding that the removal from the State, although the property remained here and might have been attached, had the effect of suspending the statute. Section 401 of the Civil Code of Practice reads as follows: "An execution may be issued upon a judgment at any time until the collection of it is barred by the statute of limitations, although no execution may have been previously issued within a year and a day." It does not appear in this case whether the appellant had any property in this State at any time from the rendition of the judgment up to the time of the levy of the execution, nor are we inclined to hold that that question would affect the rights of the parties in this litigation. It may be true that one of the reasons that the statute which provides that the period of absence of the debtor from the State shall suspend the running of the statute in his favor is because his absence to some extent obstructs the prosecution of the suit. It may, however, be plausibly argued that another reason is that a person not a citizen of the State ought not to be entitled to the benefit of a statute of repose, which evidently was enacted chiefly for the benefit of citizens of the State. After a careful consideration of the authorities and arguments, we have reached the conclusion that a judgment debtor who has removed from the State can not avail himself of the statute of limitations during his absence from the State. In other words, the statute does not run against

the judgment, or the right of the execution plaintiff to
have execution issued upon the judgment. The court be-
low having so adjudged, the judgment appealed from is
affirmed.

Chief Justice Paynter dissenting.