## UNION NAT. BANK of Grand Forks v. RYAN.

(137 N. W. 449.)

**Limitations of action — action on judgment — will be supported against judgment debtor after lapse of ten years.**

1. Under § 6796, Revised Codes of 1905, the absence of the judgment debtor from this state tolls the statute of limitations found at § 6786, Revised Codes of 1905, and the judgment, though dormant, so far as it relates to liens and for the purposes of execution, is not dead, and will support an action against the judgment debtor after ten years have elapsed.

**Judgment — action on judgment — judgment creditor must pursue remedies provided by statute.**

2. Secs. 7083-4, Revised Codes of 1905, did not repeal § 6796, Revised Codes of 1905, but provided for a concurrent remedy. The judgment creditor may renew his judgment by either affidavit or by action if he pursue the remedies provided by said sections.

Opinion filed June 28, 1912.

Appeal by defendant from a judgment of the District Court for Pembina County; *Burr, J.,* in plaintiff's favor in an action for the renewal of a domestic money judgment held by plaintiff against defendant.

Affirmed.

*Guy C. H. Corliss,* for appellant.

After ten years the judgment is absolutely extinguished for all purposes. Merchants Nat. Bank v. Braithwaite, 7 N. D. 358, 66 Am. St. Rep. 653, 75 N. W. 244; Lamberton v. Grant, 94 Me. 508, 80 Am. St. Rep. 415, 48 Atl. 127; Berkley v. Tootle, 163 Mo. 584, 85 Am. St. Rep. 592, 63 S. W. 681; St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119, 30 S. W. 521; Dempsey v. Oswego Twp. 2 C. C. A. 110, 4 U. S. App. 416, 51 Fed. 97; Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450; Brown v. Dooley, 95 Minn. 146, 103 N. W. 894; Davis v. Munie, 235 Ill. 620, 85 N. E. 943; Smalley v. Bowling, 64 Kan. 818, 68 Pac. 630; Beadles v. Fry, 15 Okla. 428, 2 L.R.A.(N.S.) 855, 82 Pac. 1041.

The time shall continue to run so long as the plaintiff can fully protect his rights, and therefore, if he can fully protect his rights despite the absence of the defendant from the state, the statute will run on despite such absence. Smalley v. Bowling, 64 Kan. 818, 68 Pac. 630; McFarland v. Cornwell, 151 N. C. 428, 66 S. E. 454; Holt v. Hopkins, 63 Misc. 537, 117 N. Y. Supp. 177; St. Paul v. Chicago, M. & St. P. R. Co. 45 Minn. 387, 48 N. W. 21; Burleigh v. Hecht, 22 S. D. 301, 117 N. W. 367; Penley v. Waterhouse, 1 Iowa, 498; Dent v. Jones, 50 Miss. 265; Rhodes v. Farish, 16 Mo. App. 430; Bensley v. Haeberle, 20 Mo. App. 648; Gray v. Fifield, 59 N. H. 131; Omaha & F. Land & T. Co. v. Parker, 33 Neb. 775, 51 N. W. 139; Hunton v. Nichols, 55 Tex. 217.

*H. B. Spiller,* for respondent.

The statute did not run while defendant was absent from and residing out of the state, and therefore the action on the judgment is not barred by the statute of limitations. Stern v. Bates, 9 N. M. 286, 50 Pac. 325; Shelden v. Barlow, 108 Mich. 375, 66 N. W. 338; Newlove v. Pennock, 123 Mich. 260, 82 N. W. 54; Seymour v. Deming, 9 Cush. 527; Craig v. Anderson, 96 Ky. 425, 29 S. W. 311; Brittain v. Lankford, 110 Ky. 484, 61 S. W. 1000; McArthur v. Goddin, 12 Bush, 274.

Burke, J. This action is for the renewal of a domestic judgment for money, held by plaintiff against defendant, who has been absent from the state during the ten-year period of limitations. If the time of his absence be counted, the judgment has been barred by the terms of § 6786, Revised Codes of 1905. If, however, his absence be considered as tolling the statute of limitations, as provided in § 6796, the old judgment is sufficient as a basis for this suit.

Many other states have similar statutes, and their courts have frequently passed thereon, but we can find no state having identical laws with ours. As it is obviously a matter of statutory construction, we get less than the usual help from similar decisions of sister states. The portions of our statutes applicable follow:

"Section 6785. The following actions must be commenced within the periods set forth in the following five sections after the cause of action has accrued:

"Section 6786. Ten years; within ten years. 1. An action upon a judgment or decree of any court of the United States or of any state or territory within the United States. . . ." (The other four sections are not material).

"Section 6796. If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced, within the terms herein respectively limited, after the return of such person into the state; and if after such cause of action shall have accrued such person shall depart from and reside out of this state, and remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided, however,

that the provisions of this section shall not apply to the foreclosure of real estate mortgages by action or otherwise. . . ."

Sections 7083-4 and 5 provide that the judgment creditor may make and file an affidavit stating the ownership, amount due, counterclaims, if any, and other information regarding his judgment, and, upon filing such affidavit with the clerk of the district court within ninety days of the expiration of the ten-year time of limitations, have a new judgment equal in all respects to the old, which new judgment would run for another period of ten years. This section was passed in 1901, and makes no effort to repeal any other section of the Code.

Section 6768 forbids the bringing of an action upon any judgment within nine years after its rendition, without leave of court, "for good cause shown and upon notice to the adverse party." Ch. 192, S. L. 1911, is a re-enactment of § 6796, making no change in this case so far as claimed by counsel.

1. We will consider first the general law of tolling the statute of limitations. By reference to § 6796 we find that it refers to the preceding five sections. Those sections relate to judgments, ten years; contracts, etc., six years; actions against sheriffs for forfeiture, etc., three years; slander, libel, etc., two years; against sheriff for escape of prisoner, one year, and it relates to all of them. Not only does the statute refer to them all, but it immediately follows them in the Code. And, further, the said § 6796 points out its own exceptions, to wit, actions upon mortgage foreclosures by action or otherwise, and actions against trustees acting under the town-site laws of the United States and this state. Had the legislature desired to except domestic judgments from the provisions of § 6796, the exception would probably have been noted with real estate mortgages in the section itself. And still, again, it stands the test of reason that the legislature did not desire to extend the protection of our statute of limitations to nonresidents. When we look for precedent, we find the great weight of authority to be in favor of the tolling of the statute while the judgment debtor is out of the state. In fact only two states have been called to our attention wherein the rule seems to be otherwise, and those are hardly authority upon our statutes. Minnesota has the same, or similar tolling statute, but differs regarding the life of a judgment. The Minnesota statute, § 277, chap. 66, Gen. Stat. 1878, declares that a money judgment "shall survive ten year,

*and no longer.*" It is upon this clause that the Minnesota decisions have turned. Brown v. Dooley, 95 Minn. 146, 103 N. W. 894, wherein Judge Lovely says: "It is impossible to avoid the conclusion which follows from this clear and explicit language. It will admit of no other construction than that a judgment becomes legally dead . . . after the time prescribed." See also Lamberton v. Grant, 94 Me. 508, 80 Am. St. Rep. 415, 48 Atl. 127, which is a decision of the supreme court of Maine following the Minnesota courts in construing a Minnesota judgment. A very fine digest of the Minnesota decisions up to 1901 is there contained. It is only fair to say that the case of Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450, uses language that intimates that it might be held that even under our statute they would hold the judgment dead at the end of ten years, but said case was upon a foreign judgment; to wit, an Iowa judgment made the basis of a suit after the judgment debtor had removed to Minnesota, and thus not exactly in point. The Minnesota cases are, therefore, hardly authority in this state. Kansas is the other state we referred to as being a holder with the minority rule. The courts of that state for many years have held a judgment dead after ten years, and so hold that it will not survive even though the debtor were absent from the state. The Federal courts recognize this as the Kansas rule as to the courts of Missouri; but in the last decision in Kansas itself (Smalley v. Bowling, 64 Kan. 819, 68 Pac. 630), a very strong inclination was shown to break away from the precedent established, and three of the seven judges dissent upon following longer the rule, while the writer of the opinion intimates that nothing but the fact that the decisions had become a rule of property in the state kept him from holding that the absence of the judgment debtor tolled the statute of limitations.

As against those two states we have Massachusetts (Seymour v. Deming, 9 Cush. 527), Kentucky (Brittain v. Lankford, 110 Ky. 484, 61 S. W. 1000), Michigan (Newlove v. Pennock, 123 Mich. 260, 82 N. W. 54; Shelden v. Barlow, 108 Mich. 375, 66 N. W. 338), Missouri, New Mexico, Ohio, and Nebraska. Appellant cites us to the case of Merchants' Nat. Bank v. Braithwaite, 7 N. D. 358, 66 Am. St. Rep. 653, 75 N. W. 244, wherein the court inadvertently said that a judgment was dead after ten years. However, such was mere *dictum* in said case, and this court has several times since been obliged to apologize

for that unfortunate opinion. See Osborne v. Lindstrom, 9 N. D. 1, 46 L.R.A. 715, 81 Am. St. Rep. 516, 81 N. W. 72, wherein Judge Bartholomew says that the court takes the first opportunity to correct the Braithwaite opinion, says that much of the same was not carefully considered, and "uses language . . . that needs qualification, and some that needs disapproval." See also Adams & F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W. 98, wherein the discredited Braithwaite Case is discussed again. In the case of Weisbecker v. Cahn, 14 N. D. 390, 104 N. W. 315, this court uses *dictum* as follows: "The absence of the judgment debtor from the state is conceded by the respondent to stop the running of the statute of limitations upon the judgment, and that § 5210, Revised Codes 1899, providing that the time during which a person is absent from the state after a cause of action shall have accrued against him, the time of his absence, if for one year or more, shall not be deemed or taken as any part of the time limited for the commencement of an action . . . arising on judgments."

Upon reason and weight of authority then, we must hold that the absence of the defendant in this case has tolled the statute of limitations unless §§ 7083 and 7084 can be said to have repealed § 6796 so far as it relates to judgments. This will be taken up next.

2. Whether or not §§ 7083, 7084 act as a repeal of that part of § 6796 depends, of course, upon the legislative intent. Sections 7083, 7084 were passed in 1901 while the other statutes were in full effect. No mention was made of any repeal of the earlier section, and the 1901 statute does not even include the common clause repealing all acts or parts of acts inconsistent therewith. We must take it that the legislature had no thought of repealing any part of the tolling statute, and that if we are to hold that it has been repealed it must be on account of some inconsistency in the two remedies. We are unable to discover any. Of course it may be easier to renew a judgment by affidavit, but it by no means follows that the old judgment may not be made the basis of a new suit, and many cases arise where it is an advantage to be able to bring suit, instead of renewing by affidavit. The case at bar being an example.

It is our conclusion that the two remedies are not inconsistent, and that a judgment creditor may either sue upon his judgment or renew it

by affidavit, if he complies with the respective laws. It follows that the judgment of the trial court was correct, and is accordingly affirmed.