2013 ND 216

**FORD MOTOR CREDIT COMPANY, LLC, Plaintiff and Appellant**

v.

**Jeremy R. HALVORSON, Defendant.**

No. 20130188.

Supreme Court of North Dakota.

Nov. 21, 2013.

Brittney A. Bornemann, Bismarck, N.D., for plaintiff and appellant.

Jeremy R. Halvorson, defendant; no appearance.

VANDE WALLE, Chief Justice.

[¶ 1] Ford Motor Credit Company ("Ford") appealed from a district court order dismissing its action to renew a prior judgment. We reverse and remand, concluding the district court erred in holding Ford could not bring a new action to renew the prior judgment.

I

[¶ 2] Ford sued Jeremy Halvorson in Minnesota on a contract matter. On February 27, 2003, a judgment was entered in Minnesota against Halvorson in the amount of $13,181.37. Halvorson moved from Minnesota to North Dakota, and the Minnesota judgment was registered in North Dakota in 2011. Halvorson has not paid the judgment.

[¶ 3] On February 5, 2013, Ford commenced this action to renew the judgment by personal service of the summons and complaint upon Halvorson. Halvorson did not respond to the summons and complaint, and Ford moved for entry of a default judgment against Halvorson. The

district court, on its own motion, denied the motion for default judgment and instead dismissed Ford's complaint with prejudice, concluding that Ford's action was an improper duplicate action on the original debt and that the proper method to renew a judgment was by affidavit under the procedure provided in N.D.C.C. § 28–20–21. Ford moved for reconsideration of the order dismissing its action, and the court entered an order affirming dismissal of the action.

## II

[¶ 4] The duration of a judgment in North Dakota is governed by N.D.C.C. § 28–20–35:

> After ten years after the entry of a judgment that has not been renewed, or after twenty years after the entry of a judgment that has been renewed, the judgment must be canceled of record.

The district court in this case held that the original judgment was canceled because more than ten years had passed since the date of the original judgment and Ford had not renewed the judgment under the statutory affidavit procedure provided in N.D.C.C. § 28–20–21.

[¶ 5] The court's holding appears to be based upon the misperception that the statutory affidavit procedure is the only allowable method to renew a judgment. In its written orders, the court reasoned that "[t]he proper procedure would have been to renew the foreign Judgment for another ten (10) years . . . and the plaintiff has failed to renew the judgment by affidavit before the allotted time," and "an affidavit of renewal . . . is the proper way of keeping a judgment alive."

[¶ 6] But, this Court has expressly recognized that there are two alternative, concurrent procedures available to renew a judgment: the affidavit procedure under N.D.C.C. § 28–20–21 or a separate action

on the judgment. *See F/S Mfg. v. Kensmoe*, 2011 ND 113, ¶ 6, 798 N.W.2d 853. The Court in *Kensmoe*, addressing its earlier ruling in *Union Nat'l Bank v. Ryan*, 23 N.D. 482, 137 N.W. 449 (1912), explained:

> [T]he Court specifically distinguished between a separate action to renew a judgment and the statutory renewal by affidavit, holding the legislature's adoption of statutes for renewal by affidavit neither repealed the statute tolling an action based on a person's absence, nor precluded the separate action on the judgment for renewal:
>
> > Of course, it may be easier to renew a judgment by affidavit; but it by no means follows that the old judgment may not be made the basis of a new suit, and *many cases arise where it is an advantage to be able to bring suit, instead of renewing by affidavit—the case at bar being an example.* It is our conclusion that the two remedies are not inconsistent, and that a judgment creditor may either sue upon his judgment, or renew it by affidavit, *if he complies with the respective laws.*

*Kensmoe*, at ¶ 10 (quoting *Ryan*, at 487–88, 137 N.W. at 450). We reaffirm that a party may renew an expiring judgment by either complying with the statutory affidavit procedure or commencing a separate action on the judgment.

[¶ 7] The district court may also have misinterpreted the complaint in this case. The court repeatedly suggested Ford was attempting to bring a "duplicate" action on the original debt, and stated the present action "is the same suit involving the same cause of action and debt" as the original action. Ford's complaint does not mention the original debt or in any way suggest Ford is attempting to bring a duplicate, "same cause of action" on the original debt. The complaint identifies and sets

out the original judgment, alleges the judgment remains unpaid, and seeks a new judgment on the original judgment. Ford's pleading was clearly an action on the original judgment seeking to renew the judgment, not an attempt to bring a "duplicate" action on the original debt.

[¶ 8] Under N.D.C.C. § 28–01–15(1), an action upon a judgment has a ten-year statute of limitations. In this case, the original judgment was dated February 27, 2003, and this action was commenced by personal service upon Halvorson on February 5, 2013, within the ten-year period. This was an appropriate and timely action upon the judgment.

### III

[¶ 9] We reverse the district court's order dismissing Ford's action on the judgment. Because there was no reason apparent on this record to deny the default judgment, we remand to the district court with directions to enter a default judgment in favor of Ford in its action to renew the prior judgment.

[¶ 10] WILLIAM A. NUEMANN, S.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

[¶ 11] The Honorable WILLIAM A. NEUMANN, S.J., sitting in place of KAPSNER, J., disqualified.