### In the Matter of Robert R. GREENBERG, Debtor.

### James B. Wessinger, III, Chapter 7 Trustee, Plaintiff,

v.

### Mary Raab, Defendant.

**Bankruptcy No. 01–42188.**
**Adversary No. 02–4086.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Nov. 15, 2002.

M.E. (Gene) Geary, Hinesville, GA, for Debtor.

James B. Wessinger, Savannah, GA, trustee.

### ORDER ON TRUSTEE'S MOTION TO DETERMINE VALIDITY, PRIORITY, OR EXTENT OF LIEN

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

On July 25, 2001, Debtor Robert R. Greenberg ("Debtor") filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. This Court denied Debtor's discharge by Order filed of record by the Clerk of Court on August 2, 2002. On June 24, 2002, Plaintiff James B. Wessinger, III, the Chapter 7 Trustee ("Trustee") filed this Adversary Proceeding seeking determination of the extent and validity of a judgment lien held by Defendant Mary Raab ("Defendant") against Debtor. On September 25, 2002, a properly noticed hearing was held during which Trustee presented oral argument. Defendant did not appear at the hearing. This Court has jurisdiction in this matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The lien at issue arose out of a judgment for fraud in the amount of $122,616.87 entered on August 6, 1992, in favor of Defendant and against Debtor by the United States District Court of the Virgin Islands. Pl.'s Ex. 1. On March 18, 1994, Defendant transferred the judgment to the United States District Court for the Southern District of Georgia, and the Clerk of Court issued a Writ of Execution, Pl.'s Ex. 2. On January 6, 1995, Defendant perfect-

ed her judgment lien in Debtor's real and personal property by recording the Writ on the General Execution Docket for the Superior Court of Chatham County, Georgia. *Id.*

The Official Code of Georgia provides secured status to judgment creditors who comply with the requirements of O.C.G.A. § 9–12–81. That Section provides that a judgment creditor may retain a lien upon property of the judgment debtor after that property has been acquired by a third party only if the creditor has executed the judgment lien on the general execution docket. *Id.* § 9–12–81. To prevent a judgment from becoming "dormant"—that is, at least temporarily unenforceable—the holder of the judgment must, after effecting its initial entry on the general execution docket, re-enter it on the general execution docket at least once within a period of seven years, *id.* § 9–12–60(a)(2) & (b), or make a "bona fide public effort . . . to enforce the execution in the courts" at least once within a period of seven years, *id.* § 9–12–60(a)(3) & (b). If the holder neither re-enters nor attempts to otherwise publicly enforce execution within that seven-year period, the judgment becomes *unenforceable. Id.* § 9–12–60(a). To prevent a dormant judgment from becoming *permanently unenforceable,* the holder of the judgment must opt within three years either to renew or revive the judgment "by an action or by *scire facias.*" [1] *Id.* § 9–12–61.

In this case, Defendant complied with O.C.G.A. § 9–12–81 by causing her lien to be entered on the general execution docket, thereby perfecting her lien and acquiring secured creditor status. Inasmuch as Debtor filed his bankruptcy petition prior to the expiration of the seven-year period

set by O.C.G.A. § 9–12–60, Defendant's lien was valid and enforceable on the filing date. Trustee contends that on January 6, 2002, which date was seven years after Defendant's judgment had been docketed, Defendant's lien expired by operation of law, even though Debtor had filed bankruptcy five months earlier.

■ The plain words of the Bankruptcy Code indicate otherwise. 11 U.S.C. § 108(c) provides in pertinent part:

[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim.

11 U.S.C. § 108(c)(1),(2). Thus, provided that the conditions set out in § 108(c) are satisfied, a limitations period is to be extended at least until thirty (30) days after notice of the termination or expiration of the automatic stay.

In this case, there is no doubt that two of the conditions set out in 11 U.S.C. § 108(c) were met: the limitations period at issue was fixed by Georgia statute, which is applicable nonbankruptcy law, and the seven-year period had not expired as of the date Debtor filed his bankruptcy petition. The condition that Trustee contends has not been satisfied is the requirement that to be extended by § 108 the

---

**1.** A writ of *scire facias,* in the context of reviving a dormant judgment after a lapse of time, is a continuation of the original action.

O.C.G.A. § 9–12–62; Black's Law Dictionary 1208 (5th ed.).

limitation period must relate to "commencing or continuing a civil action" in a non-bankruptcy court. Trustee argues that renewal of a judgment lien pursuant to O.C.G.A. § 9–12–60 represents merely the maintenance of the creditor's lien, rather than the continuance of an action against the debtor. Therefore, the seven year time limitation is not extended by operation of 11 U.S.C. § 108(c).

To the contrary, under O.C.G.A. § 9–12–60, existence of a valid judgment lien creates a right to *enforce* that judgment, whereas the lapse of that lien deprives the creditor of the right to enforce the judgment. Any act taken to renew the judgment, a pre-requisite to enforcement, constitutes a continuation of the civil action against the debtor or the debtor's property to which a nonbankruptcy statutory time limitation applies. Because applicable Georgia law "fixes a period" for "continuing a civil action" in a nonbankruptcy court, all the conditions for applying 11 U.S.C. § 108(c) to extend the limitations period to the later of two specified dates have been met.

■ The Bankruptcy Code provides that, in an individual's Chapter 7 case, the protection of the automatic stay[2] ends at the time a discharge is denied. 11 U.S.C. § 362(c)(2). The automatic stay in Debtor's Chapter 7 case thus expired on August 2, 2002, the date on which the Clerk of Court entered this Court's Order denying a discharge to Debtor. Defendant received, by operation of § 108(c), an exten-

sion of time "until the later of" the end of the state-law period of limitations, "including any suspension of such period occurring on or after the commencement of the case," *id.* § 108(c)(1), or "30 days after notice of the termination or expiration of the stay under section 362," *id.* § 108(c)(2).

The expiration date of the Georgia statutory period of limitation was January 6, 2002. Because the Georgia statutory provision contains no express provision for suspension of the seven-year period, and because no evidence has been presented to show that any other suspension of the statutory limitations period occurred, "the later of" the two dates was September 1, 2002, which was thirty (30) days after notice of the termination or expiration of the automatic stay in Debtor's bankruptcy case; therefore, if Defendant failed to renew her judgment prior to September 1, 2002, her judgment became dormant on that date and she has no enforceable judgment lien.

Because there is no evidence that Defendant renewed her judgment lien prior to September 1, 2002, I hold that Defendant's judgment against Debtor became dormant on that date. Therefore, IT IS THE ORDER OF THIS COURT that Defendant Mary Raab's judgment lien IS AVOIDED AND SET ASIDE and her dormant judgment IS TO BE ADMINISTERED AS AN UNSECURED CLAIM in this case.

---

2. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of

    (1) the ... continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was ... commenced before the commencement of the [bankruptcy] case ...;

    (2) the enforcement, against the debtor or against property of the estate, of a judgment

obtained before the commencement of the [bankruptcy] case ...;

. . .

    (5) any act to ... perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the [bankruptcy] case ....

11 U.S.C. § 362(a)(1),(5),(6).