# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 08-6006

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Bard Alan Bigelow and | * | |
| Jennifer Jo Bigelow, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Daniel P. Mitchell, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Northern |
| v. | * | District of Iowa |
| | * | |
| Bard Alan Bigelow and | * | |
| Jennifer Jo Bigelow, | * | |
| | * | |
| Debtors-Appellees. | * | |

_____

Submitted: August 20, 2008
Filed: September 16, 20008

_____

Before KRESSEL, Chief Judge, FEDERMAN, and VENTERS, Bankruptcy
Judges.

_____

VENTERS, Bankruptcy Judge.

1

Daniel P. Mitchell appeals the bankruptcy court's order dismissing Mitchell's complaint against the Debtors and the court's subsequent order denying Mitchell's motion to amend the findings in the dismissal order. For the reasons that follow, we affirm the decisions of the bankruptcy court.[1]

## I. STANDARD OF REVIEW

The bankruptcy court dismissed Mitchell's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] The dismissal of a complaint pursuant to Rule 12(b)(6) is subject to *de novo* review.[3] The bankruptcy court's denial of Mitchell's motion to amend findings is reviewed for an abuse of discretion.[4]

## II. BACKGROUND

The facts are straightforward and uncontested.

The Debtors filed for protection under Chapter 7 of the Bankruptcy Code on September 14, 2005. The Debtors received a discharge and the case was closed on January 4, 2006.

Twenty-one months later, on October 4, 2007, Mitchell filed a motion to reopen the Debtors' bankruptcy case to file a complaint to determine the dischargeability of

---

[1] The Honorable Paul J. Kilburg, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

[2] Fed. R. Civ. P. 12(b)(6), applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012(b).

[3] *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Springdale Education Association v. Springdale School District*, 133 F.3d 649 (8th Cir. 1998)).

[4] *U.S. v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006).

2

a debt. The bankruptcy court denied that motion on October 5, 2007, stating that it wasn't necessary to reopen a case to file a dischargeability complaint.

Accordingly, that same day Mitchell initiated the adversary proceeding at issue here by filing a pleading entitled "Complaint to Determine Dischargeability and Motion for Leave to File Petition at Law in State Court or in the Alternative to Toll the Statute of Limitations." The complaint contained very few factual allegations. It alleged that Mitchell was a creditor of the Debtors, that the Debtors had failed to identify Mitchell as a creditor in their bankruptcy schedules or disclose prior state-court litigation between Mitchell and the Debtors (which Mitchell had dismissed without prejudice on March 8, 2005), and that the statute of limitations on Mitchell's claim against the Debtors would expire on October 29, 2007. The complaint sought a determination that Mitchell's unspecified "claim" was nondischargeable pursuant to 11 U.S.C. § 523(a)(3) and asked that the court grant Mitchell immediate leave to proceed in state court with the original action. Alternatively, Mitchell asked the court to enter an order tolling the statute of limitations on his claim against the Debtors.

On November 29, 2007 – *after* the statute of limitations as pleaded by Mitchell had expired – the Debtors moved to dismiss Mitchell's complaint on the grounds that the underlying claim was barred by the statute of limitations. The bankruptcy court agreed and dismissed Mitchell's complaint. Mitchell filed a motion to amend the bankruptcy court's order dismissing his complaint, and the bankruptcy court denied that motion on February 5, 2008. Mitchell timely appealed.

## II. DISCUSSION

The bankruptcy court dismissed Mitchell's complaint against the Debtors on the grounds that the statute of limitations on the claim underlying the complaint expired on October 29, 2007, and neither the filing of the complaint nor 11 U.S.C. § 108(c) had tolled the limitations period beyond that date. In the absence of a viable

3

claim, the dischargeability of any debt which might have arisen from the claim was moot.

On appeal, Mitchell does not challenge the propriety of a dismissal based on a statute of limitations, nor does he contend that the filing of his complaint against the Debtors in bankruptcy court tolled the statute of limitations. Mitchell's sole argument advanced on appeal is that the bankruptcy court erred in dismissing his complaint on January 22, 2008, because the statute of limitations on his state law claim against the Debtors had not expired. Contrary to the allegations in his original complaint, Mitchell now asserts that 11 U.S.C. § 108(c) tolled the statute of limitations on his claim for 112 days – the length of time the automatic stay was in effect in the Debtors' bankruptcy case – so the statute of limitations would not have expired until February 18, 2008. The bankruptcy court rejected Mitchell's interpretation of § 108(c) and held that the statute of limitations expired without extension on October 29, 2007. Thus, the outcome of this appeal turns on the proper application of § 108(c).

Section 108(c) provides that a statute of limitations which has not expired as of the date of the filing of a debtor's bankruptcy petition expires the later of 30 days after the expiration of the automatic stay or the end of the limitations period "including any suspension of such period occurring on or after the commencement of the case."[5]

At the time the Debtors filed their Chapter 7 petition for relief on September 14, 2005, the statute of limitations applicable to Mitchell's claim against the Debtors, absent any extension, would expire on October 29, 2007. The discharge, which terminated the stay under § 362, was entered on January 4, 2006.[6] Therefore, under § 108(c), the statute of limitations expired on October 29, 2007, unless it was

---

[5] 11 U.S.C. § 108(c)(1) and (2), respectively.

[6] 11 U.S.C. § 362(c)(2)(C).

4

extended by "any suspension of such period occurring on or after the commencement of the case."[7]

Mitchell contends that the automatic stay suspends, and thus extends, the limitations period. But this argument misconstrues the operation and effect of § 108(c)(1).[8] Section 108(c)(1) does not independently toll or suspend statutes of limitations which have not expired as of a bankruptcy petition date.[9]

> The reference in §108(c) to 'suspension' of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in other federal or state statutes.[10]

Mitchell has not identified any non-bankruptcy federal or state statute that suspends or tolls the statute of limitations applicable to his claim against the Debtors, nor has he provided any grounds to justify a departure from this well-established

---

[7] 11 U.S.C. § 108(c)(1).

[8] Even the case on which Mitchell relies – *C.H. Robinson Co. v. Paris & Sons, Inc.,* 180 F.Supp.2d 1002, 1019 (N.D. Iowa 2001) – belies his argument. "Contrary to [the plaintiff's] contention, the automatic stay does not 'toll' the running of the statute of limitations. Technically speaking, the Bankruptcy Code does not provide that a statute of limitations is tolled during the period of bankruptcy." *Id*. at 1020 (citing *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999)).

[9] *Guy v. Danzig* (*In re Danzig*), 233 B.R. 85, 94 (B.A.P. 8th Cir. 1999).

[10] *Id.*(quoting *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993), and citing *Simon v. Navon*, 116 F.3d 1, 4 (1st Cir. 1997); *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 296-97 (5th Cir. 1995), cert. denied, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995); *Mamer v. Apex R.E. & T.*, 852 F.Supp. 870, 872 (E.D. Mo. 1994), aff'd, 59 F.3d 780 (8th Cir. 1995)).

interpretation of § 108(c). Therefore, we conclude that § 108(c) did not extend the statute of limitations on Mitchell's cause of action against the Debtors beyond October 29, 2007. In this case, the automatic stay had no effect on the statute of limitations, and the bankruptcy court had no authority to extend it.[11]

We note further that the bankruptcy court correctly held that Mitchell's complaint did not toll the limitations period because the complaint did not seek a judgment on the merits of his underlying claim; instead it asked permission to file suit in state court and to have any judgment resulting from that suit be excepted from the discharge under 11 U.S.C. § 523(a)(3).[12] A statute of limitations is not tolled during the pendency of an action seeking to have a matter adjudicated on a basis separate and distinct from the cause or causes of action covered by that statute.[13] Mitchell could have asked the bankruptcy court to enter a judgment of nondischargeability on the merits of his underlying claim against the Debtors, but he did not do so.

Alternatively, Mitchell could have filed his state court action no later than October 29, 2007, and it would have been timely, but again he failed to do so.[14]

---

[11] We could also affirm on the basis that the appeal is moot even under Mitchell's contention that § 108(c) extended the statute of limitations to February 18, 2008.

[12] Section 523(a)(3) provides, *inter alia*, that, if a debtor fails to schedule a debt in time for a creditor to object to its dischargeability, that debt is excepted from the discharge. The statute is predicated on the existence of a debt; in the absence of an underlying debt, § 523(a)(3) is simply not applicable. 11 U.S.C. § 523(a)(3). In this case, when the statute of limitations expired on Mitchell's claim, the claim expired as well.

[13] 51 Am. Jur. 2d, *Limitations of Actions* § 207 (2007).

[14] *Everly v. 4745 Second Avenue, Ltd.* (*In re Everly*)*,* 346 B.R. 791 (B.A.P. 8th Cir. 2006).

Finally, the bankruptcy court did not abuse its discretion when it denied Mitchell's motion to amend the order dismissing his complaint. The bankruptcy court correctly found that the motion to amend raised the same arguments that had been made by Mitchell in his previous filings and that those arguments had already been considered by the court.

## IV. CONCLUSION

We affirm the bankruptcy court's order dismissing Mitchell's complaint against the Debtors and the bankruptcy court's decision denying Mitchell's motion to amend that order.