Filed 6/21/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 113

F/S Manufacturing, a North Dakota Corporation, Plaintiff and Appellee

v.

Lesa Kensmoe, Defendant and Appellant

No. 20100167

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

REVERSED.

Opinion of the Court by VandeWalle, Chief Justice.

Peter William Zuger (argued), P.O. Box 6017, Fargo, N.D. 58108-6017, for plaintiff and appellee.

Lesa Bergson f/k/a Lesa Kensmoe (submitted on brief), 115 DeLoach Lane, Glennville, Ga. 30427; self-represented.

F/S Manufacturing v. Kensmoe

No. 20100167

VandeWalle, Chief Justice.

[¶1] Lesa Kensmoe, now known as Lesa Bergson, appealed from a district court order granting F/S Manufacturing renewal by affidavit of its 1998 judgment against her.  We reverse, holding the district court erred in ordering a cancelled judgment renewed by filing an affidavit under N.D.C.C. § 28-20-21.

I

[¶2] On March 9, 1998, F/S Manufacturing obtained a default judgment in the amount of $450,894.78 against Kensmoe.  When the action was commenced in 1995, Kensmoe was a resident of Moorhead, Minnesota.  On April 4, 2008, F/S Manufacturing’s judgment against Kensmoe was cancelled of record under N.D.C.C. § 28-20-35.  On March 8, 2010, almost two years after the 1998 judgment was cancelled, F/S Manufacturing filed an affidavit attempting to renew the judgment under N.D.C.C. § 28-20-21.  After being informed the judgment could not be renewed because it had expired, F/S Manufacturing filed a motion on March 11, 2010, requesting the district court to order the clerk of court to renew the judgment by affidavit under N.D.C.C. § 28-20-21.

[¶3] In its motion and supporting brief, F/S Manufacturing asserted that the “statute of limitations” for renewing a judgment by affidavit was tolled because Kensmoe had been absent from North Dakota for at least five years living in Georgia or, alternatively, because Kensmoe had filed for bankruptcy in Georgia on May 5, 2003, and had purportedly been involved in bankruptcy proceedings until May 10, 2005.  With its motion, F/S Manufacturing submitted evidence that the 1998 North Dakota judgment had been filed in Liberty County, Georgia, and that on March 8, 2010, a Georgia state court in Liberty County had denied Kensmoe’s motion to set aside the judgment.  The Georgia court order found that “the statute of limitations on the underlying North Dakota judgment . . . was tolled during the pendency of Defendant’s two bankruptcy proceedings from May 5, 2003 through May 10, 2005” and held that the underlying North Dakota judgment was still valid and enforceable and F/S Manufacturing could “continue its collection efforts to enforce the judgment.”

[¶4] On May 5, 2010, the North Dakota district court granted F/S Manufacturing’s motion and ordered the clerk of court to renew the 1998 judgment.  In its order, the district court stated:  “This Court adopts the reasoning and rationale of the March 8, 2010, State Court of Liberty County, Georgia, order, and [F/S Manufacturing’s] Brief in Support of Motion of Renewal of Judgment, as its own for the purposes of this Order.” 

II

[¶5] Kensmoe argues that F/S Manufacturing may not renew a cancelled judgment, asserting the period to renew the judgment under N.D.C.C. § 28-20-21 was not tolled.  F/S Manufacturing asserts, however, the time period for renewing a judgment under N.D.C.C. § 28-20-21 was tolled under N.D.C.C. § 28-01-32, based on Kensmoe’s absence from North Dakota.  F/S Manufacturing also contends that Kensmoe waived any issues regarding whether or not her prior bankruptcy proceedings tolled the “statute of limitations,” because she did not raise those issues on appeal.  The issues raised by the parties require interpretation of N.D.C.C. §§ 28-20-21 and 28-01-32.

Statutory interpretation is a question of law, fully reviewable on appeal.  
Kadlec [v. Greendale Twp. Bd. of Supervisors]
, 1998 ND 165, ¶ 12, 583 N.W.2d 817.  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears.  N.D.C.C. § 1-02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-07.  If the language of a statute is clear and unambiguous, “the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit.”  N.D.C.C. § 1-02-05.  The language of a statute must be interpreted in context and according to the rules of grammar, giving meaning and effect to every word, phrase, and sentence.  N.D.C.C. §§ 1-02-03 and 1-02-38(2).  The primary objective in interpreting a statute is to determine the intention of the legislation.  
Amerada Hess Corp. v. State ex rel. Tax Comm’r
, 2005 ND 155, ¶ 12, 704 N.W.2d 8.

 

Skogen v. Hemen Twp. Bd. of Twp. Supervisors
, 2010 ND 92, ¶ 20, 782 N.W.2d 638.  We construe statutes to avoid absurd or illogical results.  
County of Stutsman v. State Historical Soc’y
, 371 N.W.2d 321, 325 (N.D. 1985).

A

[¶6] In North Dakota the duration of a judgment is governed by N.D.C.C. § 28-20-

35, which provides for cancellation of a judgment after certain time periods:

After ten years after the entry of a judgment that has not been renewed, or after twenty years after the entry of a judgment that has been renewed, the judgment must be canceled of record.

 

See
 
Investors Title Ins. Co. v. Herzig
, 2011 ND 7, ¶ 11, 793 N.W.2d 371.  “After the time periods set forth in the statute governing cancellation of judgments have passed, a judgment is unenforceable against the judgment debtor.”  
Id.
 (citing 
Jahner v. Jacob
, 515 N.W.2d 183, 186 (N.D. 1994)).  A judgment creditor may commence a separate action to renew a judgment.  
See, e.g.
, 
Union Nat’l Bank v. Ryan
, 23 N.D. 482, 483, 137 N.W. 449 Syl. 2 (1912) (“judgment creditor may renew his judgment by either affidavit or by action if he pursues the remedies provided by said sections”).  North Dakota law also provides for a concurrent, simplified procedure to renew a judgment by filing an affidavit.  
See
 N.D.C.C. §§ 28-20-21, 28-20-22, and 28-20-23.

[¶7] Section 28-20-21, N.D.C.C., provides the required contents of a renewal affidavit and states, in part:

Any judgment which in whole or in part directs the payment of money and which may be docketed in the office of the clerk of any district court in this state may be renewed by the affidavit of the judgment creditor or of the judgment creditor’s personal representative, agent, attorney, or assignee at any time 
within ninety days preceding the expiration of ten years from the first docketing of such judgment
.

 

(Emphasis added.)  If the judgment to be renewed was rendered in this state, “the affidavit for renewal must be filed 
with the clerk of court
 where the judgment was first docketed . . . . 
The clerk of court shall immediately enter in the judgment docket the fact of renewal
, the date of renewal, and the amount for which the judgment is renewed.”  N.D.C.C. § 28-20-22 (emphasis added).  Section 28-20-23, N.D.C.C., provides that “[t]he entry and docketing of an affidavit of renewal of a judgment operates to continue the lien of the judgment to the extent of the balance due” on the judgment for a period of ten years from the affidavit’s docketing.

[¶8] This Court has said that renewal by affidavit is purely a statutory matter and the procedure must be substantially complied with, since “[t]he courts are not at liberty to say that any of the statutory requirements to perfect or continue a lien may be omitted.”  
Groth v. Ness
, 65 N.D. 580, 584, 260 N.W. 700, 701 (1935).  “Where the Legislature has clearly prescribed what facts shall be set forth in the statement, the courts have no power to add to or subtract therefrom.”  
Id.
  Thus, “[a]n original judgment is renewed for an additional ten years by filing an affidavit of renewal within 90 days of expiration of the original judgment.”  
Jahner
, 515 N.W.2d at 186 (citing N.D.C.C. §§ 28-20-21, 28-20-22, and 28-20-23).  “If the judgment creditor does not file an affidavit of renewal within the original ten-year period, NDCC 28-20-

35 declares that the judgment is canceled of record and is unenforceable.”  
Jahner
, at 186. 

[¶9] It is undisputed that F/S Manufacturing did not file a renewal affidavit “within ninety days preceding the expiration of ten years from the first docketing” of its 1998 judgment against Kensmoe, and it is undisputed that the 1998 judgment was cancelled of record on April 4, 2008.  Relying on 
Ryan
, 23 N.D. 482, 137 N.W. 449, and N.D.C.C. § 28-01-32,  F/S Manufacturing argues the time period provided in N.D.C.C. § 28-20-21 to renew the judgment by affidavit was tolled.  Under N.D.C.C. § 28-01-32, the statute of limitations for “an action” against a person may be tolled based on that person’s absence from the state:

If any person is out of this state at the time a claim for relief accrues against that person, 
an action on such claim for relief
 may be commenced in this state at any time within the term limited in this chapter for the bringing of an action on such claim for relief after the return of such person into this state.  If any person departs from and resides out of this state and remains continuously absent therefrom for the space of one year or more after a claim for relief has accrued against that person, the time of that person’s absence may not be taken as any part of the time limited 
for the commencement of an action on such claim for relief
.  The provisions of this section, however, do not apply to the foreclosure of real estate mortgages by action or otherwise and do not apply if this state’s courts have jurisdiction over a person during the person’s absence.

 

(Emphasis added.)  Although F/S Manufacturing asserts that Kensmoe has been absent from the state for at least five years, that the two exceptions in N.D.C.C. § 28-

01-32 do not apply, and that Kensmoe has waived any argument regarding jurisdiction, F/S Manufacturing’s reliance on N.D.C.C. § 28-01-32 and 
Ryan
 is misplaced.

[¶10] 
Ryan
 involved an action for renewal of a domestic judgment against a judgment debtor, who had been absent from the state after judgment was entered.  23 N.D. at 484, 137 N.W. at 449.  If the judgment debtor’s absence was counted, the action would have been barred under the 10-year statute of limitations for an action upon a judgment in an earlier version of N.D.C.C. § 28-01-15(1); but if the debtor’s absence tolled the statute of limitations, under an earlier version of N.D.C.C. § 28-01-

32, the original expired judgment could serve as the basis for the action to renew.  
Ryan
, at 484, 137 N.W. at 449.  The 
Ryan
 Court held that the judgment debtor’s absence from the state tolled the statute of limitation for bringing a separate action on the judgment, even though the original judgment may have expired without being renewed.  
Id.
 at 487, 137 N.W. at 450.  More importantly, the Court specifically distinguished between a separate action to renew a judgment and the statutory renewal by affidavit, holding the legislature’s adoption of statutes for renewal by affidavit neither repealed the statute tolling an action based on a person’s absence, nor precluded the separate action on the judgment for renewal:

Of course, it may be easier to renew a judgment by affidavit; but it by no means follows that the old judgment may not be made the basis of a new suit, and 
many cases arise where it is an advantage to be able to bring suit, instead of renewing by affidavit—the case at bar being an example
.  It is our conclusion that the two remedies are not inconsistent, and that a judgment creditor may either sue upon his judgment, or renew it by affidavit, 
if he complies with the respective laws
.

 

Id.
 at 487-88, 137 N.W. at 450 (emphasis added).  
See also
 
Herzig
, 2011 ND 7, ¶ 12, 793 N.W.2d 371 (holding no tolling under 
Ryan
 and N.D.C.C. § 28-01-32 when there was no claim judgment debtor was absent from the state); 
Jahner
, 515 N.W.2d at 186 (holding 
Ryan
 case inapposite because there was no allegation the judgment debtor “was absent from the state to toll the statute of limitations, 
nor [was it] a separate action upon the original judgment
” (emphasis added)).

[¶11] Here, F/S Manufacturing has not commenced a separate action for renewal on the 1998 judgment, but has instead sought to renew its judgment by filing an affidavit with the clerk of court under N.D.C.C. § 28-20-21.  That statute provides the specific time period for compliance with this simplified procedure, i.e., “within ninety days preceding the expiration of ten years from the first docketing of such judgment.”  However, N.D.C.C. § 28-01-32, by its terms applies only to toll the time for commencing “an action” on a claim for relief.  Filing an affidavit with the clerk of court to renew a judgment under N.D.C.C. § 28-20-21 is not akin to commencing an action, nor is filing an affidavit an “action upon the judgment” under N.D.C.C. § 28-

01-15(1).  
See
 N.D.R.Civ.P. 3 (“A civil action is commenced by the service of a summons.”); N.D.C.C. § 28-01-38 (an action is commenced when the summons is served on the defendant); N.D.C.C. § 32-01-01 (remedies in the courts are divided into actions and special proceedings); N.D.C.C. § 32-01-02 (“An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.”); 
cf.
 
Blomdahl v. Blomdahl
, 2011 ND 78, ¶¶ 6-8 (contempt proceedings under N.D.C.C. § 14-05-25.1 held not an “action upon the judgment” under N.D.C.C. § 28-01-15(1)).

[¶12] Because the statutory procedure for renewal by affidavit is not a separate action to renew the judgment, the specific time period in N.D.C.C. § 28-20-21 cannot be tolled under N.D.C.C. § 28-01-32 based on a judgment debtor’s absence from the state.  We therefore conclude N.D.C.C. § 28-01-32 does not apply to toll the time period in which F/S Manufacturing had to renew its judgment by affidavit.

B

[¶13] Although F/S Manufacturing asserts Kensmoe waived any issues “regarding [whether] her bankruptcy toll[ed] the statute of limitations,” the district court’s order, which Kensmoe has directly challenged, explicitly adopted the Georgia state court’s conclusion that “the statute of limitations on the underlying North Dakota judgment . . . was tolled during the pendency of [Kensmoe’s] two bankruptcy proceedings from May 5, 2003 through May 10, 2005.”  Kensmoe argues on appeal that the time period to renew the judgment by affidavit under N.D.C.C. § 28-20-21 was not tolled and the “Georgia rulings should not be used in the decision of a North Dakota judgment.”  In her reply brief, Kensmoe also distinguishes F/S Manufacturing’s reliance on 
In re Lobherr
, 282 B.R. 912 (Bankr. C.D. Cal. 2002).  Kensmoe’s argument necessarily includes whether the district court erred in deciding the time period in N.D.C.C. § 28-

20-21 was tolled by her prior bankruptcy proceedings, and we reject F/S Manufacturing’s claim about waiver.

[¶14] We approach with caution the complexity of interpreting the Bankruptcy Code and its interplay with state law.  
See, e.g.
, 
Production Credit Ass’n v. Burk
, 427 N.W.2d 108 (N.D. 1988) (holding 11 U.S.C. § 108(b)(2) applied to extend unexpired 60-day period to file notice of appeal to 60 days after order for relief, but that appeal was untimely), disagreed with by 
In re Hoffinger Indus., Inc.
, 329 F.3d 948, 952-54 (8th Cir. 2003) (holding § 108(c)(2) applied to extend the deadline to file a notice of appeal in state court until at least 30 days after notice of the stay’s termination or expiration), and criticized by 
In re Ingeniero
, No. 06-42512J11, 2007 WL 1453132, at *1 (Bankr. N.D. Cal. May 17, 2007) (stating 
Burk
 did not even consider § 108(c)).  
But see
 
Autoskill Inc. v. National Educ. Support Sys., Inc.
, 994 F.2d 1476, 1483 n.3 (10th Cir. 1993) (agreeing with 
Burk
 that § 108(b) applies to filing of a notice of appeal); 
Di Maggio v. Blache
, 466 So. 2d 489, 490-91 (La. Ct. App. 1995) (holding § 108(b)(2) extended unexpired period for filing appeal, but holding appeal was untimely).

[¶15] In support of its position that bankruptcy tolled the time to renew by affidavit, F/S Manufacturing cites 
In re Lobherr
, 282 B.R. at 916-17, for the proposition that the “statute of limitations” for renewing a judgment against a debtor is tolled during the time that the debtor is in bankruptcy. The bankruptcy court in 
Lobherr
, 282 B.R. at 914-16, held that renewal of the judgment during the pendency of the debtor’s bankruptcy was a “continuation of a proceeding” against the debtor under 11 U.S.C. § 362(a)(1) and thus violated the automatic stay.  The court reasoned that California’s statutory scheme for renewing judgments “more closely resembles a judicial action or proceeding,” included in acts prohibited by the automatic stay.  
Lobherr
, at 915.  The court continued, “The renewal of judgment was not an action that could have been taken 
ex parte
, without notice.  Rather, the renewal process required service of the application for renewal on the judgment debtor, thus affording the judgment debtor the opportunity to object to the renewal.”  
Id.
 at 916.  The court also explained that: 

[11 U.S.C.] § 108(c) was intended to give the state court creditor a way to keep her rights intact (including the renewal of judgments) for 30 days after notice of the termination of the automatic stay[, and therefore] [the r]espondent . . . was not precluded from protecting its rights to the judgment.  [The judgment creditor] instead improperly renewed the judgment in accordance with the state statutory scheme, when the Bankruptcy Code specifically contained a provision for the tolling of the statute of limitations for the renewal of that judgment, preempting state law.

 

Lobherr
, at 917.

[¶16] Although the statute is not cited in its brief, based on its reliance on 
Lobherr
, F/S Manufacturing appears to assert 11 U.S.C. § 108(c) operated to toll the period of time for a judgment creditor to renew the North Dakota judgment by affidavit under N.D.C.C. § 28-20-21.  Specifically, § 108(c) applies to the commencement or continuation of actions 
that are stayed
 by 11 U.S.C. §§ 362, 922, 1201, or 1301.   
See
 2 
Collier on Bankruptcy
 ¶ 108.04 (16th ed. 2010). 

[¶17] 11 U.S.C. § 108(c) provides, in relevant part:

(c)  Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes 
a period for commencing or continuing a civil action in a court
 other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of— 

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or 

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim. 

 

[¶18] One commentator has discussed the scope and extension of time provided by 11 U.S.C. § 108(c), stating in part:

[S]ection 108(c) is narrower in scope than section 108(b).  It applies only to civil actions in courts on claims against the debtor, or against codebtors protected by the codebtor stay.  Courts have generally held that it does apply to time periods within which a creditor must bring an action to enforce a lien before the lien expires.  
It also applies to the time period to renew a judgment to maintain its enforceablility
.  But it does not appear to apply to other types of acts against the debtor or codebtor that do not involve litigation, such as the filing of documents other than in court proceedings.

 

. . . .

 

Section 108(c) permits the commencement or continuation of an action until the later of two periods.  The first is the end of a time period fixed by applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement.  Such time period expressly includes “any suspension of such period occurring on or after the commencement of the case.”  Such a suspension may result from either state or federal law.

 

. . . .

 

In some jurisdictions state law may dictate suspension of a statute of limitations when a bankruptcy or another court proceeding has stayed the initiation of an action.  Such suspensions would presumably be included within the terms of section 108(c), adding the entire duration of the automatic stay to the applicable time period.

However, absent such a provision in applicable nonbankruptcy law, a statute of limitations or other deadline for an action against a debtor which would have expired while an automatic stay was applicable is extended by only the second period set forth in section 108(c), 30 days after notice of the termination or expiration of the automatic stay barring the action.  It is important to note that this extension continues not simply until 30 days after the termination of the stay, but until 30 days after 
notice
 of that termination.  When a party has no such notice, the 30 days never begin to run.

 

2 
Collier on Bankruptcy
 at ¶¶ 108.04[1] - 108.04[2] (16th ed. 2010) (emphasis added).

[¶19] “‘Technically speaking, the Bankruptcy Code does not provide that a statute of limitations is tolled during the period of bankruptcy.’”  
In re Bigelow
, 393 B.R. 667, 670 n.8 (B.A.P. 8th Cir. 2008) (quoting 
C.H. Robinson Co. v. Paris & Sons, Inc.
, 180 F. Supp. 2d 1002, 1019 (N.D. Iowa 2001)).  Further, “[s]ection 108(c)(1) does not independently toll or suspend statutes of limitations which have not expired as of a bankruptcy petition date.”  
In re Bigelow
, at 670 (citing 
In re Danzig
, 233 B.R. 85, 94 (B.A.P. 8th Cir. 1999)).  “‘The reference in § 108(c) to “suspension” of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in other federal or state statutes.’”  
Bigelow
, at 670 (quoting 
Danzig
, at 94). 

[¶20] Some courts have held, however, that the automatic stay under 11 U.S.C. § 362 does not prevent the filing of a renewal affidavit.  
See, e.g.
, 
In re Smith
, 101 P.3d 637, 639 (Ariz. 2004) (holding ministerial action of filing renewal affidavit not prohibited by automatic bankruptcy stay); 
O’Lane v. Spinney
, 874 P.2d 754, 755-56 (Nev. 1994) (rejecting argument that automatic stay prevented filing a renewal affidavit); 
Barber v. Emporium P’ship
, 800 P.2d 795, 797 (Utah 1990) (stating action to renew a judgment does not violate automatic stay provisions because a renewal is not an attempt to enforce, collect, or expand the original judgment); 
In re Morton
, 866 F.2d 561, 564 (2d Cir. 1989) (concluding automatic stay does not eliminate state-law requirement of extending a judgment lien).  
But see
 
In re Lobherr
, 282 B.R. at 917 (filing of renewal application under California law violated automatic stay).

[¶21] For example, in 
In re Smith
, 101 P.3d at 639, answering a certified question from the bankruptcy court, the Arizona Supreme Court held under Arizona law that the time for filing a renewal affidavit is not extended when the debtor has a bankruptcy proceeding pending and an automatic stay was in effect during the 90-day renewal period.  The court held that “[a] judgment creditor’s inability to enforce a judgment during the initial or a subsequent statutory five-year period, whether because of bankruptcy stay or other reasons, does not extend the deadline imposed by [Arizona law] to file a renewal affidavit.”  
Id.
  The court held as a matter of Arizona law that “the filing of an affidavit of renewal is simply a ministerial action intended in part to alert interested parties to the existence of the judgment.”  
Id.
  “Such a ministerial filing serves a notice function and does not seek to enforce a judgment.”  
Id.
  The court concluded that the filing of a renewal affidavit is not prohibited by an automatic bankruptcy stay or any stay of enforcement, such as filing a supersedeas bond.  
Id.
  The court held “the time to file an affidavit of renewal of judgment is not changed or extended by the pendency of a bankruptcy case.”  
Id.
 at 640.

[¶22] In subsequent proceedings before the Ninth Circuit bankruptcy appellate panel, the court in 
In re Smith
, 352 B.R. 702, 706 (B.A.P. 9th Cir. 2006), held that based on the Arizona Supreme Court’s decision in 
In re Smith
, 101 P.3d at 640, Arizona state law did not suspend the time to file a renewal affidavit during the pendency of the bankruptcy case.  In reaching this conclusion, the court stated that “[i]n matters of state law, [the court is] compelled to defer to the interpretation given such law by the state’s highest court.”  
In re Smith
, 352 B.R. at 706.  The court reiterated that the phrase “suspension of such period” referenced in 11 U.S.C. § 108(c)(1) refers to “either state or federal nonbankruptcy law.”  352 B.R. at 706.  As a result, 11 U.S.C. § 108(c)(1) did not operate without regard to existing nonbankruptcy law to stop the running of any periods of limitation.  
In re Smith
, 352 B.R. at 706.  The court held that, absent state law suspending the time for filing the renewal affidavit, the original limitation date applied and no additional time was afforded under 11 U.S.C. § 108(c)(1).  
In re Smith
, 352 B.R. at 706.  

[¶23] However, courts have held that 11 U.S.C. § 108(c) applies to the renewal of state court judgments.  
See
 
In re Spirtos
, 221 F.3d 1079, 1080-81 (9th Cir. 2000), 
In re Smith
, 352 B.R. at 705; 
In re Greenberg
, 288 B.R. 612, 614-15 (Bankr. S.D. Ga. 2002); 
see also
 2 
Collier on Bankruptcy
 at ¶ 108.04[1].  Nonetheless, “[t]he time for renewing a state court judgment does not expire until the 
later
 of the applicable state law, or 30 days after the termination of the automatic stay.”  
In re Smith
, 352 B.R. at 705 (citing 11 U.S.C. § 108(c)(1) & (c)(2)) (emphasis in original); 
see also
 
In re Lobherr
, 282 B.R. at 916. 

[¶24] Here, there is no assertion that Kensmoe was involved in bankruptcy proceedings or that an automatic stay was in place at the time F/S Manufacturing was required to file an affidavit for renewal under N.D.C.C. § 28-20-21.  Unlike California law, North Dakota renewal statutes provide that once a proper, timely affidavit is filed with the clerk of court, the clerk is required to “immediately enter in the judgment docket the fact of renewal, the date of renewal, and the amount for which the judgment is renewed.”  
See
 N.D.C.C. § 28-20-22.  The 
Lobherr
 case is not controlling and does not support tolling the time period for filing an affidavit in the present case.  In fact, in 
Bergstrom v. Lobherr
, No. G035801, 2006 WL 2536462, at *5 (Cal. Ct. App. Sept. 5, 2006), an unpublished California court of appeals decision involving a subsequent action to enforce the prior judgment against Lobherr, the court said, “California law does not contain a tolling provision applicable to a judgment creditor’s application to renew a judgment,” and therefore, “when a judgment creditor seeks to renew a judgment, the only applicable tolling provision is the 30-day extension authorized by section 108(c)(2).”  However, in distinguishing the prior bankruptcy court proceedings, the court of appeals held the present case was an independent action to enforce the judgment, which was subject to being tolled under California law.  
Id.

[¶25] Thus, even if the filing of a renewal affidavit under N.D.C.C. § 28-20-21 was more than a “ministerial act,” implicating 11 U.S.C. §§ 362 and 108(c), F/S Manufacturing filed the renewal affidavit well beyond 30 days after the time the parties have apparently agreed was the termination of bankruptcy proceedings, i.e., May 10, 2005.  
See, e.g.
, 
In re Silva
, 215 B.R. 73, 77 (Bankr. D. Idaho 1997) (observing since 30-day extension of time provided under 11 U.S.C. § 108(c)(2) was prior in time to date judgment expired under California statute, § 108(c) had no tolling effect on the judgment, and judgment would thus expire unless validly renewed or revived under state law).  F/S Manufacturing has not cited any nonbankruptcy federal or state law that either suspends or tolls the limitation period in N.D.C.C. § 28-20-21.  We express no opinion, however, whether the statute of limitations for an 
action
 on a judgment was tolled during the pendency of the bankruptcy automatic stay.  
See
 N.D.C.C. §§ 28-01-15(1) (ten-year statute of limitations for an action upon a judgment), 28-01-29 (“When the commencement of an action is stayed by injunction or other order of a court, or by a statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.”).

[¶26] We also note that F/S Manufacturing asserts for the first time on appeal that Kensmoe was actually involved in chapter 13 bankruptcy proceedings from May 9, 2003, until January 15, 2004, and involved in chapter 7 bankruptcy proceedings from June 20, 2004, until May 10, 2005, with over a five month gap between her two bankruptcy filings.  However, none of Kensmoe’s bankruptcy petitions or dispositive orders were submitted to the district court.  Generally, “[a] party who claims the benefit of an exception to a statute of limitations bears the burden of showing the exception.”  
Kimball v. Landeis
, 2002 ND 162, ¶ 29, 652 N.W.2d 330 (citing 
Motley v. United States
, 295 F.3d 820, 824 (8th Cir. 2002)); 
see generally
 54 C.J.S. 
Limitations of Actions
 § 429 (2010) (“The burden of proving absence or nonresidence in avoidance of the statute of limitations rests on the party asserting such matters.”). Nonetheless, the parties do not dispute that Kensmoe was not involved in bankruptcy proceedings nor was an automatic stay in place during the 90 days before the expiration of ten years from the first docketing of the 1998 North Dakota judgment.  Under our construction, F/S Manufacturing was not prevented from filing a timely renewal affidavit. 

[¶27] F/S Manufacturing also suggests this Court must give full faith and credit to the Georgia state court order regarding the underlying North Dakota judgment under 
1st Summit Bank v. Samuelson
, 1998 ND 113, ¶ 36, 580 N.W.2d 132 (full faith and credit given to the foreign judgment, even if a similar judgment could not be obtained in North Dakota).  In 
Samuelson
, this Court held a Pennsylvania judgment was enforceable in North Dakota under the Full Faith and Credit Clause, even though the foreign judgment did not comply with North Dakota’s confession-of-judgment procedure.  
Id.
 at ¶ 37.

[¶28] Our decision here, however, only concerns application of our statutory procedure for renewing a judgment by affidavit under N.D.C.C. §§ 28-20-21, 28-20-

22, and 28-20-23.  The Georgia court order relied upon by F/S Manufacturing does not address application of these statutes.  Further, we are not being asked to recognize the judgment of a foreign state; rather, we only address whether Kensmoe’s bankruptcy proceedings tolled the time period provided within our state’s renewal by affidavit statutes.  
Cf.
 16B Am. Jur. 2d Constitutional Law § 1031 (2009) (“Full faith and credit does not mean that states must adopt the practices of other states regarding the time, manner, and mechanisms for enforcing judgments[,]” citing 
Baker by Thomas v. General Motors Corp.
, 522 U.S. 222 (1998); 
Finstuen v. Crutcher
, 496 F.3d 1139 (10th Cir. 2007)).  We reject F/S Manufacturing’s suggestion that this Court is bound by the Georgia state court’s order regarding the validity of the 1998 North Dakota judgment.

[¶29] We hold the time period to file an affidavit to renew the 1998 judgment was not tolled under North Dakota law.  We therefore conclude the district court erred in ordering the clerk of court to renew F/S Manufacturing’s 1998 judgment against Kensmoe.

III

[¶30] We have considered the parties’ remaining arguments and consider them unnecessary to our decision or without merit.  The district court order is reversed.  

[¶31] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom